IN THE UNITED STATES DISTRICT COURT
                      DISTRICT OF SOUTH CAROLINA
                          CHARLESTON DIVISION

BANK MERIDIAN, N.A.,                  )
                                      )
              Plaintiff,              )   Civil Action No. 2:09-cv-594-MBS
                                      )
vs.                                   )
                                      )
MOTOR YACHT "IT'S 5'OCLOCK            )   **ORDER AND OPINION**
SOMEWHERE" Official Number            )
1073764, her engines, bowspirit, anchor, )
cables, chains, rigging, tackle, apparel, )
furniture and all accessories hereunto )
appertaining and belonging to her, *in rem*, )
and PAINTER'S ALLEY YACHTS, LLC, )
GREGORY L. WILLIAMS, DEBRA J.         )
WILLIAMS, AND TERRY G. LANFORD,       )
*in personam*,                        )
                                      )
              Defendants.             )
_____ )


       Plaintiff Bank Meridian filed the within action on March 3, 2009 against Motor Yacht "It's

5'O'Clock Somewhere" ("Vessel"), *in rem*; and Painter's Alley Yachts, LLC ("Painter's Alley"),

Gregory Williams ("G. Williams"), Debra Williams ("D. Williams") (collectively "the Williamses"),

and Terry Lanford ("Lanford"), *in personam*. This case is before the court on Plaintiff's motion to

strike Lanford's jury trial demand and/or for the action to remain on the court's non-jury roster,

which was filed on October 23, 2009. Lanford responded on November 24, 2009. On December

8, 2009, Plaintiff replied.

                                          **FACTS**

       Plaintiff designated this action as a Rule 9(h) admiralty action. Plaintiff alleges claims for

breach of contract and default, and seeks foreclosure of a maritime lien. Plaintiff avers that Painter's

Alley executed a note in which it promised to pay Plaintiff $1,400,000, which note was personally guaranteed by G. Williams, D. Williams and Lanford. Compl. ¶¶ 11-12. Plaintiff was granted a Preferred Ship Mortgage on the Vessel in exchange for the loan. Compl. ¶ 14. Plaintiff alleges that loan payments were not made as required under the note. Compl. ¶ 16.

Lanford has filed counterclaims against Plaintiff and cross-claims against G. Williams and D. Williams. Lanford has demanded a jury trial on his claims. The counterclaims against Plaintiff are for fraud, misrepresentation, civil conspiracy, breach of fiduciary duty, unjust enrichment, recession, and violations of the South Carolina Unfair Trade Practices Act. The cross-claims are for fraud, misrepresentation, civil conspiracy, breach of fiduciary duty, unjust enrichment, an accounting, and dissolution. Lanford alleges that Brian Murdoch ("Murdoch"), a member of Plaintiff's senior management, knowing that the Williamses were delinquent on the vessel's loans, conspired with the Williamses to get Lanford to invest in the vessel so that Plaintiff would not suffer a loss on the loans. Answer ¶¶ 40, 42. Lanford alleges that Murdoch induced him into going into business with the Williamses by making false representations about the Williamses and the vessel. Answer ¶¶ 47-49. As a result of these alleged misrepresentations, Lanford contends that he formed Painter's Alley with the Williamses. Answer ¶ 53. Lanford alleges that the Williamses have absconded with the yacht and left him with the debt. *See* Answer ¶¶ 72-73.

## DISCUSSION

Plaintiff seeks an order from the court striking Lanford's demand for a jury trial on his counter- and cross-claims. "The Seventh Amendment preserves the right to a jury trial in suits at common law." *In re Lockheed Martin Corp.*, 503 F.3d 351, 354 (4th Cir. 2007)(internal citation omitted). The Seventh Amendment provides:

> In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise re-examined in any Court of the United States, than according to the rules of the common law.

Although the Seventh Amendment does not require jury trials in admiralty cases, jury trials are not forbidden in such cases. *Fitzgerald v. U.S. Lines Co.*, 374 U.S. 16, 20 (1963); *see also Vodusek v. Bayliner Marine Corp.*, 71 F.3d 148, 152-53 (4th Cir. 1995) ("While the Seventh Amendment guarantees a jury trial in cases 'at common law,' no constitutional provision guarantees, or indeed prohibits, jury trials for cases tried in equity or in admiralty. Traditionally, however, admiralty courts and courts of equity did not rely on juries.").

As stated by the *Lockheed Martin* court, "[t]he role of the jury trial in admiralty cases . . . is complicated by the 'saving to suitors' clause of 28 U.S.C. § 1333." 503 F.3d at 354. Section 1333 states: "[t]he district courts shall have original jurisdiction, exclusive of the courts of the States, of: (1) Any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled." 28 U.S.C. § 1333. The saving-to-suitors clause has been interpreted to preserve a plaintiff's right to a common law remedy "in all cases where the common law is competent to give it." *Lockheed Martin*, 503 F.3d at 354.

A plaintiff may invoke a district court's admiralty jurisdiction under Federal Rule of Civil Procedure 9(h), which states:

> If a claim for relief is within the admiralty or maritime jurisdiction and also within the court's subject- matter jurisdiction on some other ground, the pleading may designate the claim as an admiralty or maritime claim for purposes of Rules 14(c), 38(e), and 82 and the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. A claim cognizable only in the admiralty or maritime jurisdiction is an admiralty or maritime claim for those purposes, whether or not so designated.

3

Generally, "if a plaintiff designates his claim as a Rule 9(h) maritime claim, the saving-to-suitors clause does not permit a defendant to trump that designation and demand a jury trial." *Lockheed Martin*, 503 F.2d at 357. However, this rule does not govern proceedings where the defendant asserts counterclaims and cross-claims. *Id.* While courts are split on whether a plaintiff's Rule 9(h) admiralty designation prevents a defendant from having a jury trial on counterclaims and cross-claims, the Fourth Circuit has held that such a designation does not preclude a jury trial on *compulsory* counterclaims and/or cross-claims. *Id.* at 358. In *Lockheed Martin*, the Fourth Circuit stated that any other result would "improperly elevate" the traditional mode of trial in admiralty "to a right *not* to proceed before a jury." *Id.* The Fourth Circuit went on to note that:

> To permit the plaintiff's choice of a customary but not constitutionally required mode of trial to prevent a defendant from taking advantage of his constitutionally guaranteed mode of trial is inconsistent with the Supreme Court's admonition that the Seventh Amendment right to a jury trial must be preserved "wherever possible."

*Id.* Therefore, if Lanford's counterclaims and cross-claims are compulsory and are suits at law, Lanford has a right to a jury trial that cannot be abridged by Plaintiff's admiralty designation. While Plaintiff argues that Lanford has no right to a jury trial because he has no independent basis for federal jurisdiction, there is no indication in Fourth Circuit jurisprudence that this is a determinative factor. The court finds that Lanford need not have an independent basis for federal jurisdiction to assert his right to a jury trial on his legal compulsory counter- and cross-claims in this case.[1]

---

[1] A district court in California has come to the same conclusion. In *Avon Insurance, PLC v. Lubinski*, No. C-92-1474-DLJ, 1993 300557 (N.D. Cal.), the court addressed a motion to strike a jury trial for compulsory counterclaims over which the court was exercising supplemental jurisdiction in an action proceeding in admiralty under Fed. R. Civ. P 9(h). *Id.* at *1. The *Lubinski* court denied the motion to strike despite the fact that Lubinski has no independent basis for federal jurisdiction finding that Lubinski had not "waived his Seventh Amendment right to a jury trial merely as a result of having his [] counterclaims joined" with an admiralty claim. *Id.* The court indicated that Lubinski should not be denied his right to a jury trial simply because he lost the race

Federal Rule of Civil Procedure 13(a), which governs when counter- and cross-claims are compulsory, provides:

> [a] pleading must state as a counterclaim any claim that–at the time if its service–the pleader has against an opposing party if the claim (A) arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and (B) does not require adding another party over whom the court cannot acquire jurisdiction.

*Id.* Because Lanford's claims arise from how Lanford came to participate in the loan agreements that are the subject of this lawsuit and do not require the addition of any new parties, the court finds that Lanford's counterclaims and cross-claims are compulsory.

Pursuant to the Seventh Amendment, Lanford is entitled to a jury trial on all of his claims at law as well as any issues that are common to both legal and equitable claims. *See Curtis v. Loether*, 415 U.S. 189, 196 n.11 (1974) ("If a legal claim is joined with an equitable claim, the right to a jury trial on the legal claim, including all issues common to both claims, remains intact."). Of Lanford's counter- and cross-claims, the following claims are suits at law: 1) misrepresentation, *see Turnbull v. Gadsden*, 1848 WL 2530, at *5 (S.C. Eq. 1848); 2) fraud, *see Kaiser v. Carolina Life Ins. Co.*, 65 S.E.2d 865, 871 (S.C. 1951); 3) civil conspiracy, *see Hackworth v. Greywood at Hammett, LLC*, 682 S.E.2d 871, 874 (S.C. Ct. App. 2009); 4) unjust enrichment, *see Mosseri, Mosseri, Castro v. Austin's at the Beach, Inc.*, 642 S.E.2d 760, 761 (S.C. Ct. App. 2007); 5) violation of South Carolina Unfair Trade Practices Act, *see Taylor v. Hoppin' Johns, Inc.*, 405 S.E.2d 410, 411 (S.C. Ct. App. 1991); and 6) breach of fiduciary duty, *see Verenes v. Alvanos*, 690 S.E. 2d 771, 773 (S.C. 2010). The following counter- and cross- claims are suits at equity: 1) rescission, *see McMaster v. Strickland*, 472 S.E.2d 623, 625 (S.C. 1996); 3) accounting, *see Historic*

---

to the courthouse. *Id.*

*Charleston Holdings, LLC v. Mallon*, 673 S.E.2d 448, 453 (S.C. 2009); and 4) dissolution, *see Historic Charleston Holdings, LLC v. Mallon*, 673 S.E.2d 448, 454 (S.C. 2009).

Plaintiff seeks to have his case tried to the bench, while Defendant has invoked his Seventh Amendment Right to a jury trial on related claims. Rule 42(b) of the Federal Rules of Civil Procedure empowers district courts to use their discretion to separate trials in some cases. Rule 42(b) provides:

> Separate Trials. The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues, always preserving inviolate the right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States.

Fed. R. Civ. P. 42(b). The court declines to separate the trial of this case. The entire case shall be tried at the same time with Plaintiff's admiralty claims and Lanford's equitable claims tried to the court, and Lanford's legal claims tried to a jury.

## **CONCLUSION**

The court **denies** Plaintiff's motion to strike (Entry 32). Plaintiff's admiralty claims and Lanford's equitable claims will be tried to the court, and Lanford's legal claims will be tried to a jury.

**IT IS SO ORDERED.**

s/ Margaret B. Seymour
The Honorable Margaret B. Seymour
UNITED STATES DISTRICT JUDGE

August 6, 2010
Columbia, South Carolina