IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| BANK MERIDIAN, N.A., ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 2:09-cv-594-MBS |
| ) | |
| vs. ) | |
| ) | |
| MOTOR YACHT "IT'S 5'OCLOCK ) | **ORDER** |
| SOMEWHERE" Official Number ) | |
| 1073764, her engines, bowspirit, anchor, ) | |
| cables, chains, rigging, tackle, apparel, ) | |
| furniture and all accessories hereunto ) | |
| appertaining and belonging to her, *in rem*, ) | |
| and PAINTER'S ALLEY YACHTS, LLC, ) | |
| GREGORY L. WILLIAMS, AND DEBRA ) | |
| J. WILLIAMS, *in personam*, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Plaintiff Bank Meridian, N.A. filed the within action on March 3, 2009 against Motor Yacht "It's 5'O'Clock Somewhere" ("Vessel"), *in rem*; and Painter's Alley Yachts, LLC ("Painter's Alley"), Gregory Williams ("G. Williams"), Debra Williams ("D. Williams") (collectively "the Williamses"), and Terry Lanford ("Lanford"), *in personam*. Plaintiff alleges claims for breach of contract, and foreclosure of a maritime lien. On February 10, 2011, Lanford was dismissed as a defendant in this case.

This case is before the court on Plaintiff's motion for default judgment against Painter's Alley and D. Williams, which was filed on March 22, 2011. Entry 71. On September 25, 2009, Painter's Alley and D. Williams were served with a copy of the Summons in a Civil Action, Verified Complaint, Verification, and Exhibits A-D. Entries 29 and 30. An Entry of Default against Painter's Alley and D. Williams was entered by the Clerk of Court on November 2, 2009. Entry 34. Neither

Painter's Alley nor D. Williams has entered an appearance, answered or otherwise plead in response to the complaint.

## I. FACTS

On August 28, 2008, Painter's Alley executed a promissory note (hereinafter "the Note") in which it promised to pay Plaintiff the principal amount of $1,400,000.00 with interest for a loan of funds to purchase the motor yacht "IT'S 5 O'CLOCK SOMEWHERE," Official Number 1073764 (hereinafter "the vessel"). Painter's Alley was to repay the Note in "32 monthly consecutive principal and interest payments in the initial amount of $11,879.25 each, beginning January 6, 2009." Entry 71-1 at 2. The remaining unpaid principal and interest was due to be paid in full on September 5, 2011. *Id.*

The Note provides that "[i]f a payment is 10 days or more late, Borrower will be charged 5.000% of the unpaid portion of the regularly scheduled payment or $950.00, which ever is less. The Note provides that Painter's Alley is in default if it "fails to make any payment when due under th[e] Note." Entry 71-1 at 2. The Note also provides that "[u]pon default, [Plaintiff] may declare the entire unpaid balance under this Note and all accrued unpaid interest immediately due. . . ." *Id.* In addition, the Note provides that the interest rate on the Note will be increased to 18.000% per annum based on a year of 360 days, but that the interest rate cannot exceed the maximum interest rate allowable under applicable law. In the event of a default, the Note entitles Plaintiff to "hire or pay someone else to help collect th[e] Note if [Painter's Alley] does not pay" and that "[Paintier's Alley] will pay that amount" including "reasonable attorney's fees . . . [Plaintiff]'s legal expenses . . . [and] court costs. . . ." Entry 71-1 at 2.

On or about August 28, 2008, Painter's Alley executed a Preferred Ship Mortgage on the

vessel to secure payment of the Note. Entry 71-2. In addition, D. Williams executed a Commercial Guaranty, "absolutely and unconditionally guarantee[ing] full and punctual payment and satisfaction" of her share of the debt on the vessel. Entry 71-2 at 2. The Commercial Guaranty limited D. William's share of the debt to "an amount not to exceed One Million & 00/100 Dollars ($1,000,000.00) of all the principal amount, interest thereon to the extent not prohibited by law, and all collection costs, expenses and reasonable attorney's fees. . . ." *Id.*

Painter's Alley has failed to make payments and maintain insurance on the vessel as required by the Note. Compl. ¶ 16. By letter dated February 26, 2009, Plaintiff notified Painter's Alley that it was in default under the terms of the Note, and declared the entire unpaid principal balance and all accrued interest on the Note immediately due. Entry 71-4. The letter warned Painter's Alley that if the amount due was not paid, Plaintiff would seek to enforce its rights and remedies under the loan documents including foreclosure and collection against Guarantors. *Id.* D. Williams was copied on February 26, 2009 letter. Subsequently, the vessel was arrested and on February 2, 2010, the vessel was sold for, $225,000.00. Entry 41. As of February 7, 2011, Painter's Alley owed Plaintiff 1,024,397.46 in principal, $165,954.47 in interest, and $7,347.33 in late charges.

In pursuing collection on the Note, Plaintiffs have expended the following amounts:

| Expense | Amount |
|---|---|
| Cost for Marshals to Arrest Vessel | $9,408.60 |
| Amount paid to Charleston Marine Services | $96,339.29 |
| Amount paid to Blue Water Surveys | $1,415.00 |
| Amount paid to Spartan Detective Agency | $7,876.00 |

| | |
|---|---|
| Amount paid for travel expenses to locate vessel and persuade G. Williams to allow vessel to be returned to U.S. | $5,474.89 |
| Amount paid to dock Vessel | $6,071.47 |
| Amount paid for reward for information on the vessel | $5,000.00 |
| Amount paid for vessel insurance | $1,127.64 |
| TOTAL | $132,712.89 |

## II. DISCUSSION

A.   *Default Judgment*

Rule 55(b)(2) of the Federal Rules of Civil Procedure provides for the entry of default judgment by the Court against a party in default. *Id.* When a party defaults, all of the allegations against that party in the pleadings are deemed admitted. *See Certaineed Corp. v. Pinnacle Bldg. Solutions, Inc.*, C/A No. 3:07-72, 2007 WL 4287641 (D.S.C. Dec. 4, 2007). Painter's Alley and D. Williams have failed to plead or otherwise defend and are now in default. Therefore, Plaintiff is entitled to a default judgment against Painter's Alley and D. Williams pursuant to Rule 55(b). *See Bonnyview Music Corp. v. Jones E. of the Grand Strand*, 1992 U.S. Dist. LEXIS 22779, *9 (D.S.C. 1992). The allegations in Plaintiff's complaint as to Painter's Alley and D. Williams are deemed admitted.

B.   *Attorney's Fees and Costs*

Plaintiff seeks to collect actual attorney's fees and costs in the amount of $68,944.75. The Fourth Circuit and Local Rule 54.02 mandate a twelve (12) factor analysis in determining an award of attorney's fees. *See Barber v. Kimbrell's, Inc.*, 577 F.2d 216, 226 (4th Cir. 1978). These factors are: 1) the time and labor expended, 2) the novelty and difficulty of the questions raised, 3) the skill required to properly perform the legal services rendered, 4) the attorney's opportunity costs in

pressing the instant litigation, 5) the customary fee for like work, 6) the attorney's expectations at the outset of the litigation, 7) the time limitations imposed by the client or circumstances, 8) the amount in controversy and the results obtained, 9) the experience, reputation and ability of the attorney, 10) the undesirability of the case within the legal community in which the suit arose, 11) the nature and length of the professional relationship between attorney and client, and 12) attorney's fees awards in similar cases. *Id.* at 226 n.28. District courts must make detailed factual findings in support of their conclusions on attorney's fees. *Id.* at 226.

Plaintiff's counsel have filed two affidavits with the court in support of the request for attorney's fees. Plaintiff's counsel indicate that they have expended over 346 hours on this case. However, no documentation has been provided to the court setting out the labor expended. Therefore, the first factor under the *Barber* test has not been met. The court concludes that without this information, an award of attorney's fees is not appropriate.

### III. CONCLUSION

For the reasons set forth above, the court hereby **grants** Plaintiff's motion for default judgment against Painter's Alley and D. Williams (Entry 71).

**IT IS HEREBY ORDERED**:

Default judgment is entered against Painter's Alley Yachts, LLC in the amount of $1,024,397.46 in principal, plus interest from February 7, 2011 to the date of this judgment at a rate of $170.73 per diem; and plus late charges in the amount of $7,347.33, plus past interest in the amount of $165,954.47, plus costs related to the recovery and sale of the vessel of $132,712.89. Post-judgment interest shall continue at the statutory rate. Judgement is entered against Debra Williams joint and several to the judgment against Painter's Alley Yachts, LLC in the amount of

$1,000,000.

**IT IS SO ORDERED**.

s/ Margaret B. Seymour
The Honorable Margaret B. Seymour
United States District Judge

June 21, 2011
Columbia, South Carolina